# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05CV446-C

| | |
|---|---|
| PFS INVESTMENTS, INC., | )<br>) |
| Petitioner, | )<br>) |
| vs. | ) **MEMORANDUM AND ORDER**<br>) |
| LAURENA POOLE, | )<br>) |
| Respondent. | )<br>)<br>) |

**THIS MATTER** is before the Court on Respondent's "Motion To Direct Petitioner ... to Post a Supersedeas Bond Pursuant to F.R.Civ.P. 62" (document #9) filed November 28, 2005; and the Petitioner's "Response ... " (document #12) filed December 12, 2005. The Respondent has not filed a reply brief and the time for filing a reply brief has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Respondent's motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the Respondent's motion, for the reasons discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sometime prior to May 10, 2004, the Respondent, Laurena Poole, who is a South Carolina citizen, opened an investment account with Petitioner PFS Investments, Inc. ("PFS"), a Georgia corporation with its headquarters in Duluth, Georgia. In a related investment contract, the parties agreed that any dispute arising from the investment account would be resolved in binding arbitration

1

before the National Association of Securities Dealers ("NASD").

On May 10, 2004, the Respondent initiated an arbitration proceeding against the Petitioner, seeking to recover losses incurred on securities she purchased through her PFS account. See Laurena Poole v. PFS Investments, Inc. NASD Case No. 04-03447.

Sometime thereafter, an arbitration hearing was held in Charlotte, North Carolina, before a single arbitrator.[1]

On October 10, 2005, the arbitrator issued an Award in favor of the Respondent in the principal amount of $112,410.00, plus $36,517.00 in interest, $14,698.00 in costs and $37,000.00 in attorneys' fees.

On October 24, 2005, Petitioner filed its "Petition to Vacate and/or Modify and Correct Arbitration Award" (document #1) pursuant to §10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, contending that the Award should be reduced or set aside because the arbitrator "exceeded the authority granted her by the parties' arbitration agreement." Document #1 at 2.

On November 28, 2005, the Respondent filed her "Motion to Confirm Arbitration Award and for Judgment" (document #7) pursuant to § 9 of the FAA. The parties' cross-motions to confirm/vacate the Award are currently pending before the United States District Judge to whom this case is assigned (the Honorable Robert J. Conrad. Jr.).

Also on November 28, 2005, the Respondent filed the subject "Motion To Direct Petitioner ... to Post a Supersedeas Bond Pursuant to F.R.Civ.P. 62," contending that the Court has the discretion pursuant to Rule 62(d) to require the Petitioner to post a supersedeas bond in the full

---

[1] The FAA provides that in a proceeding to confirm or vacate an arbitration award, venue is proper in the district where the award was made. 9 U.S.C. §§ 10 and 11.

amount of the Award in the interim.

The Respondent's Motion has been briefed as set forth above and is, therefore, ripe for determination.

## II. **DISCUSSION OF CLAIMS**

Fed. R. Civ. P. 62(d) provides for an appellant to apply for a stay of a judgment while the underlying matter is on appeal by posting a supersedeas bond, as follows:

> Stay Upon Appeal[.] When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Accord United States v. $95,945.18, U.S. Currency, 913 F.2d 1106, 1108 n. 1 (4th Cir. 1990) (appellant must post full supersedeas bond prior to receiving stay pursuant to Rule 62(d)); Federal Prescription Serv., Inc. v. American Pharm. Ass'n, 636 F.2d 755, 759 (D.C.Cir. 1980) (same); Kirby v. General Elec. Co., 210 F.R.D. 180, 194-95 (W.D.N.C. 2000) (same); and Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc., 190 F.R.D. 190, 192 (E.D.Va. 1999) (same).

The Respondent has not cited any authority in support of her motion, and the undersigned is unaware of any published authority even considering whether Rule 62(d) requires a party seeking to vacate an arbitration award to post a bond.[2] Moreover, regardless of the nature of the underlying proceeding, it is apparent that a party is not entitled to invoke the bond requirement until a judgment or other final order has been rendered and the opposing party has filed an appeal. Accord

---

[2] While recognizing that unpublished decisions have no precedential value and that this Court is not bound by decisions of other district courts, the undersigned notes that the only court to consider this issue concluded that Rule 62(d) does not apply to proceedings to vacate arbitration awards. See Companhia de Navegacao Maritima Netumar v. Armada Parcel Serv., 1997 WL 51515 (S.D.N.Y. 1997) (denying motion for posting of supersedeas bond).

3

$95,945.18, U.S. Currency, 913 F.2d at 1108 n. 1; Federal Prescription Serv., Inc., 636 F.2d at 759; Kirby, 210 F.R.D. at 194-95; and Alexander, 190 F.R.D. at 192.

Accordingly, the undersigned will deny the Respondent's motion, without prejudice to her right to re-file it should the District Court enter a Judgment in her favor and the Petitioner file a Notice of Appeal.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The Respondent's "Motion To Direct Petitioner ... to Post a Supersedeas Bond Pursuant to F.R.Civ.P. 62" (document #9) is **DENIED**, without prejudice to re-filing as discussed above.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

**Signed: January 3, 2006**

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge